IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30059
Summary Calendar
_____


LASH MARINE SERVICE SHIPMANAGEMENT,
INC., as Agent and Manager for Central Gulf Lines,
Inc.; CENTRAL GULF LINES, INC.; FOREST
LINES, INC.,

                                        Plaintiffs-Appellees,

                        versus

GATEWAY TUGS, INC., ET AL.,

                                        Defendants,

GATEWAY TUGS, INC.,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 98-CV-3013-L)
_____

August 10, 2000

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The judgment of the district court is affirmed for the following reason.  The evidence in the record is sufficient to support finding that barge 540883 was seaworthy when the KRISTIE LEIGH took it in tow, that barge 540883 sank as the result of a collision with the corner of another barge, that the collision took place not less than 83 minutes prior to 0935 hours, which places the collision after 0812 hours, and that the collision took place after the KRISTIE LEIGH took barge 540883 in tow.  The district court was permitted to find that barge 540883 was in the control of Captain Guidry at the time of the collision and that such collisions do not ordinarily occur in the absence of negligence, therefore the district court as fact finder is permitted to infer that the collision resulted from negligence.  This inference is unrebutted by Gateway Tugs and is sufficient to sustain a finding that barge 540883 sank due to the negligence of Captain Guidry.  The findings of the district court are not clearly erroneous.

AFFIRMED